UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES GRUBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:13-cv-1936-WTL-MJD |
| ) | |
| ANDREWS & COX, P.C., et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

This cause is before the Court on the Plaintiff's motion for attorney fees and costs (Dkt. No. 77) and the Defendants' motion to strike (Dkt. No. 87). The Court **GRANTS IN PART** the motion for attorney fees and costs and **DENIES** the motion to strike.[1]

### I.   BACKGROUND

On December 7, 2013, Plaintiff James Brent Grubbs, through counsel Robert E. Duff, filed suit alleging Fair Debt Collection Practices Act ("FDCPA") violations against American Financial Credit Services, Inc. ("AFCS"), Andrews & Cox, P.C., d/b/a Bleecker, Brodey & Andrews[2] ("BB&A"), Ronald B. Brodey Professional Corporation ("RBPC"), and Eric S. Jungbauer. Dkt. No. 1. In his amended complaint, Grubbs alleged that AFCS violated the FDCPA by engaging in collection activity before mailing verification of the debt. Dkt. No. 13. He further alleged that BB&A, RBPC, and Jungbauer violated the FDCPA by using false,

---

[1] The Court finds that there is no need to strike the exhibits; however, as noted in the discussion below, the Court agrees that several of them are irrelevant.

[2] Testimony at trial established that BB&A became Andrews & Cox, P.C., at some point, but continued to do business as BB&A because that is what it had been known as for nearly forty years.

deceptive, or misleading representations in connection with the debt collection; making false, deceptive, or misleading representations to Grubbs in connection with the debt collection; using a false, deceptive, or misleading means of collecting a debt; and using an unfair or unconscionable means to collect or attempt to collect a debt. *Id.* at 4.

On April 25, 2014, the claim against AFCS was dismissed with prejudice after AFCS and Grubbs reached a settlement agreement. Dkt. No. 30. On August 28, 2014, the claims against RBPC and Eric Jungbauer were dismissed with prejudice after RBPC and Jungbauer reached a settlement agreement with Grubbs. Dkt. No. 43.

Thereafter, BB&A and Grubbs filed cross-motions for summary judgment. On March 24, 2015, the Court granted in part and denied in part BB&A's motion, and granted in part and denied in part Grubbs' motion. The Court granted Grubbs' motion for summary judgment on the issue of whether BB&A violated the FDCPA by attempting to collect interest and on the issue of whether Grubbs had disputed the debt. However, the Court granted BB&A's motion for summary judgment on the issue of whether Grubbs had made payments on the debt.[3] Dkt. No. 56.

The Court held a bench trial on July 1, 2015. Following the trial, the Court awarded $100 in statutory damages to Grubbs. Dkt. Nos. 75, 76. Duff now requests $51,975 in attorney fees and costs.[4]

---

[3] The Court notes that its summary judgment ruling contains a scrivener's error: it states that Grubbs' motion regarding the availability of a remedy for additional damages against BB&A was denied, when it should have stated that BB&A's motion was denied. It appears that the parties understood the Court's intent and proceeded accordingly.

[4] $42,280 in attorney fees and $422.33 in costs was requested originally. Dkt. No. 77. Duff filed a supplemental affidavit for 27.7 hours, which at $350 an hour would be an additional $9,695 in attorney fees. Dkt. No. 90-1.

### I.   STANDARD

Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney fees. *See* 15 U.S.C. § 1692k(a)(3) (mandating the court to award to a prevailing plaintiff "reasonable attorney's fee[s]").

> The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. If necessary, the district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case.

*Gastineau v. Wright*, 592 F.3d 747, 748-49 (7th Cir. 2010) (internal citations and quotation marks omitted). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

### II.   DISCUSSION

BB&A raises several objections to Duff's request.  Each is discussed below.

#### A.  Hourly Rate

BB&A argues that Duff's proposed hourly rate of $350 is unreasonable. The Court agrees.  Courts are instructed to consider "the prevailing market rates in the relevant community" when called upon to determine a reasonable hourly rate for attorney fees. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). An attorney's "market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1999) (quotation omitted).  The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Blum*, 465 U.S. at 895 n.11. If the fee applicant satisfies this burden, the burden shifts to the

3

other party to offer evidence that sets forth "a good reason why a lower rate is essential." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996) (internal quotation marks omitted).

Duff has provided the Court with his own Affidavit as Exhibit 1 (Dkt. No. 85) with the following attachments: a list of FDCPA cases (Exhibit A); the Declaration of Daniel A. Edelman (Exhibit B); the United States Consumer Law Attorney Fee Survey Report for 2013-2014 ("Report") (Exhibit C); and Duff's Timesheet (Exhibit D). Duff also submitted the affidavit of Judith Fox as Exhibit 2. Dkt. No. 86.

In Duff's affidavit, he avers that the standard hourly rate he charges clients who pay by the hour is $350. He lists several cases in which this rate was paid, but these cases do not appear to be FDCPA cases. He also points to the hourly rate of $300 approved by a judge in the Southern District of Indiana, although the magistrate judge noted that the rate was not contested by the defendant and the court would not further scrutinize it.

Duff also points to hourly rates of $480 and $525 awarded for FDCPA cases; however, those hourly rates are for cases in the Northern District of Indiana. Edelman's 20-page declaration apparently was submitted only to demonstrate the experience level of one attorney in an FDCPA case in the Northern District of Indiana. The Northern District of Indiana is not part of the "relevant community" – in this case, Indianapolis, which is within the Southern District of Indiana – and, as such, the Court does not find this evidence to be relevant in its determination of a reasonable hourly rate. With regard to the Report, other district courts have considered it in conjunction with other evidence in determining the reasonableness of an attorney's hourly rates. Of course, the Fee Survey is not particularized by subject matter or the ability of the attorney;

instead, it averages the rates charged by all attorneys in a particular geographic area. The Court finds it has little probative value.

The Affidavit of Fox, whom Duff presents as an expert in consumer law, is irrelevant to the Court's determination. Fox does not purport to be an expert in the area of hourly rates in Indianapolis, Indiana. Further, the opinions she offers do not help the Court understand the evidence or determine a fact in issue.

An attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services. *See Blum*, 465 U.S. at 895 n.11. Thus, in order to shift the burden to BB&A, Duff was required to present some evidence, other than his own affidavit, that the requested rates were the market rates for someone of his experience. He could have accomplished this either by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work or by submitting evidence of fee awards he has received in similar cases. *See People Who Care*, 90 F.3d at 1310-12. In this case, Duff did not support his rates with affidavits from other attorneys; rather, he provided a citation to a single case in which the court acknowledged that it did not need to further scrutinize the rate requested due to the lack of objection by the defendant. The instant case was a simple, uncomplicated FDCPA case that did not require particular skill or expertise. Accordingly, the Court will decrease Duff's hourly rate to $250 per hour for the purposes of the lodestar calculation.

### B. Time Expended

BB&A also challenges the reasonableness of time spent on specific entries. A fee petitioner is expected to exercise billing judgment by winnowing down the time actually expended to the time reasonably expended. *See Spegon*, 175 F.3d at 552. To the extent that the

petitioner does not exercise billing judgment, the Court may exclude time unreasonably spent. *Id.* at 553.

BB&A argues that Duff appears to be seeking an award of attorney fees for time spent on litigation issues that relate to Defendants AFCS, Jungbauer, and RBPC, who were dismissed with prejudice. BB&A indicates the total time so expended appears to be about thirteen hours, but BB&A fails to specify how it arrived at this number. Duff argues that the time spent on claims against Jungbauer and RBPC is virtually indivisible from time spent on the claims against the other attorney defendants and that the time dedicated solely to claims against AFCS was not included, with the exception of 0.1 hour on April 23, 2014, that should have been zeroed out but was not. In addition to this 0.1 hour, the Court also subtracts 0.2 hour from the entries on January 8, 2014, and January 29, 2014, as those entries relate to the dismissed defendants in addition to BB&A.

BB&A also challenges as excessive the 21.20 hours that Duff billed for the Plaintiff's motion for summary judgment and response to Defendants' motion for summary judgment. The Court does not agree that the time expended is unreasonable. BB&A also challenges the 6.8 hours that Duff spent to prepare for and attend the deposition of Steve Andrews. Duff billed 3.5 hours for going to the Hamilton County Clerk's Office to obtain copies of complaints and notice and attending the deposition of Andrews. He does not break down the time, and the Court agrees that the time he spent in travel to and from and at the clerk's office is clerical in nature and need not have been performed by an attorney. As such, the Court will reduce this entry by 1.0 hour to 2.5 hours.

BB&A also challenges the 9.7 hours of trial preparation time. The Court notes that although the trial involved only two witnesses and lasted approximately 1 hour and 15 minutes, it cannot find that trial preparation time of 9.7 hours is per se unreasonable.

BB&A also argues that the total number of hours is not rationally related to a legitimate result. The maximum damages the Plaintiff could have received was $1000, and the Plaintiff received only $100. However, as Duff points out, BB&A did change its practices in other cases, so the effects of the litigation extended beyond this case.

Further, BB&A challenges the 4.4 hours that Duff spent researching after the trial. The additional research was submitted with encouragement from the Court, and the time is not unreasonable.

Finally, BB&A challenges the cost entries that pertain to travel time, parking, photo copies, and a deposition fee. It does not specify the bases for its objections. Federal Rule of Civil Procedure 54(d) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." The categories of costs that may be awarded are enumerated by statute:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Here, the $27.50 for certified copies and $269.44 for transcription of the deposition fall within this list. The remaining listed costs for mileage and parking do not. As such, the Court finds that $296.94 in costs are allowed.

### C. Adjustments at the Court's Discretion

The Court, in its discretion, makes the following adjustments. The number of hours spent on the preparation of fee requests in this case was 29.9 hours. After subtracting the 1.5 hours noted above, the total hours at issue are 148.5. Thus, over 20% of the fees sought relates to preparation of fee requests. In *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988), where approximately 25% of the hours were spent on fee petitions, the Seventh Circuit found, "The fee petitions are marvels of misplaced ingenuity and thoroughness, rehearsing in great detail basic principles well known to the district court . . . and reinforcing our impression that lawyers litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue." The court then disallowed two-thirds of the time submitted. Much of Duff's fee petition billing contains entries for procuring utterly irrelevant information, including an affidavit from an expert that is wholly irrelevant here. The Court finds that ten hours for preparation of fee requests is reasonable.

Following these adjustments, the total number of hours allowed is 128.6 at $250 an hour, the reduced lodestar fee is $32,150, and the costs are $296.94.

### III. CONCLUSION

For the reasons explained above, the Court awards $32,446.94 for attorney fees and costs related to this matter.

SO ORDERED: 7/18/16

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.